IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Robin D. Camlin, ) | Civil Action No.: 4:14-cv-03388-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| South Carolina Department of Natural ) | |
| Resources, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the Court on Plaintiff's objections to Defendant's Bill of Costs. This Court entered an Order in this employment case on June 6, 2016, adopting the Report and Recommendation of the Magistrate Judge and granting Defendant's motion for summary judgment. Judgment was entered by the Clerk on the same date. Defendant filed a Bill of Costs on June 13, 2016, requesting costs totaling $2,326.42. Plaintiff has objected claiming an inability to pay and that some of the costs were unnecessarily incurred and/or unreasonable.

Prevailing parties are entitled to an award of costs pursuant to Federal Rule of Civil Procedure 54(d)(1), which provides: "[e]xcept when express provision therefor is made either in a statute of the United States or in these rules, costs . . . shall be allowed as of course to the prevailing party unless the court otherwise directs." The rule makes clear that, in the ordinary course, a prevailing party is entitled to an award of costs and there exists a presumption to that effect. *Cherry v. Champion Intl. Corp.*, 186 F.3d 442, 446 (4th Cir. 1999). "To overcome the presumption, a district court 'must justify its decision [to deny costs] by 'articulating some good reason for doing so.'" *Id.*, *citing Teague v. Bakker*, 35 F.3d 978, 996 (4th Cir. 1994). The expenses which may be taxed are listed in 28 U.S.C. § 1920 and Local Civil Rule 54.03.

1

Costs may be denied only when there would be an element of injustice in a presumptive cost award. *See Delta Air Lines v. August*, 450 U.S. 346, 355 (1981). Factors which may justify refusal by the court to award costs include misconduct by the prevailing party, the losing party's inability to pay, the excessiveness of the costs claimed in a particular case, the limited value of the prevailing party's victory, or the closeness and difficulty of the issues decided. *Teague*, 35 F.3d at 996.

Defendant seeks reimbursement for its removal fee ($400), deposition costs ($1,785.75), copy costs ($123.17), and docket fees ($17.50). Plaintiff objects arguing that she is unable to pay. Plaintiff states that her bi-weekly income is $1,552.71 and she has already incurred and paid $3,200.84 in litigation costs over the past two years. Plaintiff submitted an affidavit, which states "[b]eing required to pay $2,326,42 . . . , would pose an unreasonable and substantial financial burden up me." However, the fact that Plaintiff was able to pay her own attorneys' costs, that she retained two reputable law firms to litigate this matter on her behalf, and her net monthly income in excess of $3,000.00 militates against finding that Plaintiff would be unable to pay Defendant's requested costs. Plaintiff has failed to establish an inability to pay sufficient to justify a denial of costs to the prevailing party.

Plaintiff also objects to an award of costs that includes the removal fee ($400), fees for the inclusion of exhibits in the deposition transcripts ($26.70), and fees for internal copies made of Plaintiff's response to Defendant's motion for summary judgment ($29.64).

Title 28 U.S.C. § 1920 provides that "[a] judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the

case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title."

28 U.S.C. § 1920.

With respect to the removal fee of $400.00, the Court finds that the fee was necessary and is properly taxable under 28 U.S.C. § 1920. Likewise, fees for the inclusion of exhibits with the deposition transcripts and internal copies made of Plaintiff's response to Defendant's motion for summary judgment were not excessive and were necessarily obtained for use in the case. The Court declines to adopt a rule similar to the Eastern District of Virginia, which appears to limit photocopy charges to those copies that were used as court exhibits or were furnished to the court or opposing counsel.

There is no allegation of misconduct by the prevailing party and the requested costs are not excessive. Based on her net monthly income, the Plaintiff has the ability to pay the requested costs. The issues in this Title VII case were not close and difficult.

For the reasons stated above, Plaintiff's objections are overruled and Defendant is awarded costs in the amount of **$2,326.42**. These costs shall be included in the judgment of this Court.

**IT IS SO ORDERED.**

July 6, 2016                                             s/ R. Bryan Harwell
Florence, South Carolina                    R. Bryan Harwell
                                                               United States District Judge